# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| NANCY M. BURKHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-00932-CV-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING | ) |
| COMMISSIONER, SOCIAL | ) |
| SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence

presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: obesity; anxiety; post-traumatic stress disorder (PTSD); and depression. The ALJ also determined that Plaintiff has the following non-severe impairments: thyroiditis; sleep apnea; and elevated liver enzymes. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the following limitations: Plaintiff cannot tolerate any interaction with the public and can have only occasional interaction with coworkers. Although the ALJ found that Plaintiff was unable to perform any past relevant work, the ALJ found that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Plaintiff brings the following arguments on appeal: (1) whether the ALJ failed to properly weigh treating physician Dr. Powers' opinion and licensed professional counselor Angela Price's opinion, and (2) whether the ALJ erred at Step Two in evaluating Plaintiff's impairments concerning fibromyalgia, sleep apnea, and thyroiditis.

First, Plaintiff argues the ALJ erred in awarding little weight to treating physician Dr. Powers' opinion. Plaintiff first argues the ALJ erred because he did not consider the first three factors in 20 C.F.R. § 404.1527(c) when determining what weight to award Dr. Powers. *See* 20 C.F.R. § 404.1527(c) ("When we do not give the treating source's opinion controlling weight, we apply the [following] factors . . . (1) Examining relationship . . . (2) Treatment relationship . . . (3) Supportability . . . (4) Consistency . . . (5) Specialization . . . (6) Other factors . . . any factors you or others bring to our attention . . . which tend to support or contradict the medical opinion."). Despite Plaintiff's argument, the ALJ considered these factors and discussed them in his opinion.[1]

---

[1] As to the first factor, the ALJ considered the examining relationship between Dr. Powers and Plaintiff because the ALJ's opinion discusses each of Dr. Powers' examinations of Plaintiff and their corresponding findings. For instance, Dr. Powers examined Plaintiff on August 6, 2012, and noted that Plaintiff was in good mental and physical health. Dr. Powers examined Plaintiff on May 9, 2013, and noted

2

Second, Plaintiff argues the ALJ improperly discounted Dr. Powers' opinion. Substantial evidence supports the ALJ's decision to discount Dr. Powers' opinion because it was inconsistent with the overall record. *See Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (an ALJ may discount or reject a medical opinion when that opinion is inconsistent with the record as a whole); *Reece v. Colvin,* 834 F.3d 904, 909-10 (8th Cir. 2016) (the ALJ was proper in discounting the treating physician's opinion when the opinion was "highly inconsistent with the objective treatment records and the objective medical evidence as a whole").

Plaintiff also argues the ALJ erred in giving little weight to licensed professional counselor Ms. Price's opinion. First, Plaintiff argues that the ALJ improperly discounted Ms. Price's opinion simply because she was not an acceptable medical source.[2] However, this is incorrect. While the ALJ did cite Ms. Price's position as a non-acceptable medical source as a reason to discount her opinion, the ALJ also discounted Ms. Price's opinion because it was inconsistent with the medical record. *See Pearsall*, 274 F.3d at 1219. Plaintiff also argues that the ALJ failed to apply all factors from Section 404.1527(c) in evaluating Ms. Price's opinion; however, the ALJ is not required to apply all Section 404.1527(c) factors when considering the weight to give a non-acceptable medical source's opinion. 20 C.F.R. § 404.1527(f)(1) discusses how the ALJ must weigh opinions from non-acceptable medical sources. Section 404.1527(f)(1) states, "we consider these [non-acceptable medical source] opinions using the same facts as listed in paragraph (c)(1) through

---

Plaintiff was doing well and not taking medication for stress. Dr. Powers examined Plaintiff on April 9, 2014, and stated that Plaintiff felt good and was only using two medications at that time. On the January 1, 2015, examination, Dr. Powers noted that Plaintiff had increased stress, did not want to be around people, was drinking alcohol in excess, but had no distress on exam and her affect was normal but anxious. On December 16, 2015, Dr. Powers examined Plaintiff and noted that Plaintiff was in no acute distress and was alert and oriented but had a depressed mood and cried during the examination. Finally, Dr. Powers examined Plaintiff on January 26, 2016, and Dr. Powers switched Plaintiff's medication from Buspirone to Citalopram.

As to the second factor, Plaintiff considered the treatment relationship between Dr. Powers and Plaintiff. The ALJ did not give Dr. Powers' opinion controlling weight despite her position as treating physician. *See* 20 C.F.R. § 404.1527(c)(2) and 404.1527(c)(2)(i), (c)(2)(ii) ("When we do not give the treating source's medical opinion controlling weight," the following two factors are applied: "Length of the treatment relationship and frequency of examination" and "Nature and extent of the treatment relationship.") Here, the ALJ considered these two factors in determining the treatment relationship between Plaintiff and Dr. Powers.

Last, as to the third factor, the ALJ considered the medical evidence and testing that Dr. Powers relied on in forming her opinion. The ALJ's opinion discusses Dr. Powers' examination findings and clinical results after each examination of Plaintiff.

[2] Both parties agree that Ms. Price is not an acceptable medical source.

3

(c)(6) in this section, [but] not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source . . . depends on the particular facts in each case"). Here, the ALJ considered all factors that applied as to Ms. Price and the facts of this case.[3] Second, Plaintiff argues it was error for the ALJ to discount Ms. Price's opinion because no doctor diagnosed DID as Ms. Price did. However, substantial evidence supports the ALJ's decision to discount Ms. Price's opinion because her diagnosis of DID was inconsistent with the medical record.[4] *See Pearsall*, 274 F.3d at 1219.

Next, Plaintiff argues the ALJ erred at Step Two in finding that fibromyalgia was not an impairment and finding that Plaintiff's sleep apnea and thyroiditis were non-severe impairments. First, as to Plaintiff's claim concerning fibromyalgia, the Social Security Regulations state a person has fibromyalgia if the following two requirements are met: (1) a doctor has diagnosed fibromyalgia and (2) the doctor that diagnosed fibromyalgia provides evidence required in SSR 12-2p II.A or II.B.[5] SSR 12-2p. Here, no doctor has diagnosed fibromyalgia. Although Dr. Katzenstein noted that Plaintiff had "possible" fibromyalgia in 2007, this was six years before Plaintiff's alleged disability onset date, and Plaintiff did not follow up for further treatment. SSR 12-2p II.A and II.B are not satisfied because there is no evidence in the record indicating how

---

[3] The ALJ considered the first, third, and final factor in Section 404.1527(c). The ALJ considered the first factor, Ms. Price's examining relationship, because the ALJ's opinion notes that Ms. Price examined Plaintiff for two months and she completed a medical source statement with her opinion. The ALJ also considered the third factor, supportability, because the ALJ's opinion discusses the evidence Ms. Price presented in support of her opinion. The ALJ's opinion also discusses Ms. Price's medical source statement where she opined that Plaintiff was not a candidate to join the workforce due to PTSD and DID. Finally, the ALJ discussed the sixth factor. The ALJ discusses Plaintiff's own testimony that her counseling with Ms. Price was "going well;" Plaintiff's testimony that she took no medication for mental symptoms at that time; and the findings that Plaintiff was cooperative, alert, and oriented with functional intact cognition and appropriate mood and affect.

[4] The overall record indicated that Plaintiff's mental impairments are well controlled. For instance, Dr. Ruedi opined that Plaintiff had primarily normal mental status exams and her condition improved with treatment. Further, when seen in a gastrointestinal clinic on May 23, 2016, Plaintiff stated that her anxiety and depression were well managed. Finally, on June 2, 2016, Dr. Patton opined that Plaintiff's PTSD counseling was going well.

[5] SSR 12-2p II.A requires the following: (1) the plaintiff has a history of widespread pain in all quadrants of the body; (2) the plaintiff has at least eleven positive tender points on physical examination; and (3) evidence that other disorders that could cause the symptoms or signs were excluded.

SSR 12-2p II.B requires the following: (1) the plaintiff has a history of widespread pain; (2) the plaintiff has repeated manifestations of six or more fibromyalgia symptoms; and (3) evidence that other disorders that could cause the symptoms or signs were excluded.

many tender points Plaintiff had, whether Plaintiff had a history of widespread pain, and whether Plaintiff had manifestations of six or more symptoms. Accordingly, because no doctor has diagnosed fibromyalgia nor has SSR 12-2p II.A or II.B been satisfied, substantial evidence supports the ALJ's decision that fibromyalgia is not an impairment.

Last, Plaintiff argues the ALJ erred in classifying Plaintiff's sleep apnea and thyroiditis as non-severe impairments. An impairment is non-severe when medical evidence establishes only a slight abnormality, or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to perform basic work activities. 20 C.F.F. § 416.920(c). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith*, 756 F.3d at 625 (citing *Davis*, 239 F.3d at 966). Here, substantial evidence exists in the record to support the ALJ's finding that Plaintiff's sleep apnea and thyroiditis were non-severe impairments because the non-severe impairments were either controlled with medication or required little ongoing management and did not cause more than a minimal limitation in Plaintiff's ability to function.

Plaintiff also argues that even if Plaintiff's sleep apnea and thyroiditis were non-severe, the ALJ failed to provide any explanation as to how these non-severe impairments impacted the RFC determination. Plaintiff relies on *Wells v. Colvin* in support. 727 F.3d 1061 (10th Cir. 2013). The *Wells* Court held that the ALJ erred because he stated that he did not consider the plaintiff's non-severe impairments when formulating the RFC determination. *Id.* at 1069-70. However, *Wells* is distinguishable. Here, the ALJ's opinion does not provide any indication that the non-severe impairments of sleep apnea and thyroiditis were not considered in the RFC determination. *See Shuttles v. Colvin*, 543 Fed. Appx. 824, (10th Cir. 2013) ("[s]ignificantly, the ALJ did not make any ancillary statement, like that made by the ALJ in *Wells*, affirmatively suggesting an improper conflation of the step-two and step-four assessments") (internal quotation marks and internal citation omitted). Second, despite Plaintiff's argument, the ALJ does provide a narrative discussion as to how sleep apnea and thyroiditis impacted Plaintiff and how they were incorporated

5

into the RFC determination.[6] Accordingly, substantial evidence supports the ALJ's decision that sleep apnea and thyroiditis were non-severe impairments.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions, the Court concludes that substantial evidence supports the ALJ's decision. **IT IS THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: February 22, 2019

---

[6] The ALJ's opinion discussed Plaintiff's own testimony that she has trouble getting out of bed and has daytime sleepiness due to her sleep apnea. The ALJ's opinion also discussed Plaintiff's treatment at a sleep clinic where Plaintiff was prescribed a CPAP.